# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 98-1886

PETER A. TELLEX,                                                          APPELLANT,

v.

HERSHEL W. GOBER,
ACTING SECRETARY OF VETERANS AFFAIRS,                    APPELLEE.

Before HOLDAWAY, STEINBERG, and GREENE, *Judges*.

## O R D E R

The appellant appeals, through counsel, a June 15, 1998, decision of the Board of Veterans' Appeals (Board or BVA) denying payment or reimbursement by the Department of Veterans Affairs (VA) of medical expenses incurred for a hospitalization at a private medical facility. Record (R.) at 3. The appellant has filed a brief in which he "requests that the Court vacate the Board . . . decision . . . and remand his claim for authorization for private medical services pursuant to 38 U.S.C. § 1703(a)(3)" for adjudication in the first instance by VA. Brief (Br.) at 17; *see* 38 U.S.C. § 1703(a)(3) (providing authority for Secretary to "contract with non-[VA] facilities in order to furnish . . . [h]ospital care or medical services for the treatment of medical injuries"); 38 C.F.R. §§ 17.52-17.54 (1999) (VA regulations implementing section 1703). The Secretary has filed a brief arguing that the "[a]ppellant fails to meet the eligibility criteria for contracted care under [section] 1703(a)(3)" and thus urges the Court to find no error as to the Board's failure to consider the application of section 1703(a)(3) to this appeal. Br. at 13. The appellant has filed a reply to the Secretary's brief.

On November 13, 2000, the Court issued a miscellaneous order, *In Re: Veterans Claims Assistance Act of 2000*, Misc. No. 4-00 (Nov. 13, 2000) (en banc) [hereinafter *In re: VCAA*], in which the Court noted that the recently enacted Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), "may affect the disposition of many appeals". *In re: VCAA, supra.* The VCAA creates, inter alia, new VA duties including that, under certain circumstances, the Secretary "make reasonable efforts to assist a claimant in obtaining evidence necessary to substantiate [a] claimant's claim." VCAA, § 3, 114 Stat. at ____ (to be codified at 38 U.S.C. § 5103A(a)(1)); *see also id.* at 114 Stat. at ___ (regarding notice to claimants of information "necessary to substantiate the claim" (to be codified at 38 U.S.C. § 5103(a))). It appears to the Court that the VCAA may have potential applicability to development and adjudication of a section 1703(a)(3) claim in this case. *See McCormick v. Gober*, 14 Vet.App. 39, 45 (2000) (remanding to BVA for it to address initially "questions [raised for first time to this Court that] are peculiarly within the competence of VA to address"); *see also Maggitt v. West*, 202 F.3d 1370, 1377

(Fed. Cir. 2000) (although this Court "may hear legal arguments raised for the first time with regard to a claim that is properly before the [C]ourt, it is not compelled to do so in every instance").

Upon consideration of the foregoing, it is

ORDERED that, not later than 30 days after the date of this order, the Secretary file and serve on the appellant a memorandum in response to this order that addresses whether the VCAA has potential applicability to the appellant's claim for reimbursement pursuant to 38 U.S.C. § 1703(a)(3) and 38 C.F.R. §§ 17.52-17.54, including specifically but not limited to 38 U.S.C. §§ 5103 and 5103A as newly enacted, and taking into account his duty to prescribe regulations under new section 5103A(e). It is further

ORDERED that the appellant file a reply to the Secretary's response not later than 20 days after service of that response. However, consistent with *In re: VCAA* and in view of the fact that the appellant has already requested that this claim be remanded, if the Secretary does not oppose a remand of this matter and the appellant fails to file a timely response, such failure to respond may be considered as his agreement to such a remand or any other action recommended by the Secretary.

DATED: November 30, 2000                      PER CURIAM.