**UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS**

No. 00-1284

HERMOGENA IGNACIO,                                        PETITIONER,

   V.

ANTHONY J. PRINCIPI,
SECRETARY OF VETERANS AFFAIRS,                     RESPONDENT.

Before FARLEY, IVERS, and STEINBERG, *Judges.*

O R D E R

In a single-judge order dated August 4, 2000, this Court denied the pro se petitioner's petition for extraordinary relief in the nature of mandamus (petition). On August 25, 2000, the petitioner filed a timely motion for a panel decision.

On September 29, 2000, the Court, sitting en banc, withdrew the August 4, 2000, single-judge order and reissued it concurrently with an order denying the petitioner's motion for an initial full Court decision. The Court also ordered that the petitioner's motion for a panel decision be withdrawn by the Clerk and refiled on the date of the en banc order.

On November 2, 2000, the petitioner filed a motion for leave to file out-of-time a motion for reconsideration of the Court's September 29, 2000, reissued single-judge order denying her petition. The Court denied that motion in a November 16, 2000 single-judge order. On November 21, 2000, the petitioner filed a motion for reconsideration of the November 16, 2000, order. Therein, the petitioner asserts, inter alia, that the Veterans Claims Assistance Act of 2000, Pub. L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), applies to the claim that is the subject of her petition and to her November 2, 2000, motion.

The petitioner has an appeal pending before this Court of the denial by the Board of Veterans' Appeals of the claim that was also the subject of her denied petition, *Ignacio v. Principi*, No. 00-1285, and, in that appeal, she is represented by counsel. She is free to raise in the context of that appeal any concerns that she may have regarding the applicability of the VCAA to the claim that was the subject of the denied petition and of her appeal. *See, e.g., Tellex v. Gober*, 14 Vet.App. 196 (2000) (per curiam order). The appellant's arguments regarding the VCAA do not support a reexamination of the Court's prior determination that the petitioner has not presented a petition with grounds for the issuance of a writ of mandamus or of its prior determination to deny her motion for leave to file out-of-time a motion for reconsideration of the Court's denial of that petition.

Upon consideration of the foregoing, it is by the single judge

ORDERED that the motion for reconsideration is denied.  It is by the panel

ORDERED that the motion for a panel decision is denied.

DATED:   February 16, 2001                              PER CURIAM.