KRAMER, Chief Judge,
dissenting.
Because I believe that the Court should vacate the August 12, 1997, Board of Veterans’ Appeals (Board or BVA) decision and remand the matter, I dissent.
Pursuant to 38 U.S.C. § 5302(a), an application for waiver of recovery of indebtedness must be made within 180 days after the date of notification of indebtedness, unless the payee demonstrates “that such notification was not actually received by such payee within a reasonable period after such date.” Id. (emphasis added); see also 38 C.F.R. § 1.963 (2001). The pivotal issue in this case is whether, under 38 U.S.C. § 5302(a) and 38 C.F.R. § 1.963(b)(2), a payee, specifically the appellant, can obtain an extension of the 180-day period for filing a waiver of recovery request by showing that notice of indebtedness was not “actually” received due to a mental condition that prevented full comprehension of that notice, i.e., whether actual receipt requires knowing receipt. The majority holds, in essence, that knowing receipt is not required and that mental illness is not a factor in determining actual receipt, yet the majority inexplicably af *139 firms the Board’s factual determination that the appellant was not incompetent or otherwise incapable of handling her own affairs, thus recognizing a need to determine whether the appellant’s receipt here was a knowing one. Ante at 136. More importantly, the majority’s apparent holding that mental illness is not a factor to be considered in determining actual receipt, ante at 136, is conclusory, lacking in any analysis as to the conclusion reached, and is not supported by citations to any authority. See Splane v. West, 216 F.3d 1058, 1068-69 (Fed.Cir.2000) (“canons of construction ... require us to give effect to the clear language of a statute and avoid rendering any portions meaningless or superfluous”); Smith v. Brown, 35 F.3d 1516, 1523 (Fed.Cir.1994) (“ ‘in expounding [on] a statute, we must not be guided by a single sentence or member of a sentence, but [should] look to the provisions of the whole law ....’” (citations omitted)).
With regard to Part II.B of the majority opinion, ante at 136-37, which addresses the appellant’s argument that the notice of indebtedness that she received was insufficient (by discussing the format of the notice of indebtedness provided to the appellant and the placement on that notice of information pertaining to waiver of recovery requests), I note that 38 U.S.C. § 5302(a) requires that the Secretary notify a debtor of “the right ... to submit an application for a waiver ... and a description of the procedures for submitting the application.” 38 U.S.C. § 5302(a) (emphasis added). I believe that there may be a problem with the notice of indebtedness provided to the appellant (R. at 79-80) because it neither addresses how the 180-day period can be extended under 38 U.S.C. § 5302(a) and 38 C.F.R. § 1.963(b)(2), nor cites to these provisions. In this regard, the notice of indebtedness (R. at 80) provides only that “[i]f you do not request a waiver within 30 days, you may still do so at any time within 180 days, except for Loan Guaranty and Direct Loan debts for which there is no time limit for requesting waiver consideration.” At a minimum, the majority should have addressed that possible deficiency. Moreover, the appellant also raises the argument regarding the sufficiency of that notice for the first time on appeal. Because a remand as to this argument would present the Secretary with the opportunity to “ ‘self correct’ ” any deficiency in the administrative process and thereby conserve judicial resources, the August 1997 decision should be vacated and the matter remanded for the BVA to address this argument in the first instance. McCormick v. Gober, 14 Vet.App. 39, 44 (2000) (quoting Maggitt v. West, 202 F.3d 1370, 1379 (Fed.Cir.2000)).
With regard to Part II.C of the majority opinion, ante at 137-38, which addresses the applicability of the Veterans Claims Assistance Act of 2000, Pub.L. No. 106-475, 114 Stat. 2096 (Nov. 9, 2000) (VCAA), to chapter 53 of title 38 of the U.S.Code, the majority concludes, in essence, that the VCAA is inapplicable because the statutory provisions regarding the waiver of recovery of indebtedness themselves require that notice be provided to debtors, which thus implies that these waiver-notice provisions obviate the notice provisions of the VCAA. However, the notice provisions in the waiver-of-indebtedness statutory and regulatory provisions relate only to process, whereas the VCAA notice provisions require notice as to substantive matters, such as the type of evidence that is needed. VCAA § 3(a). Thus, the VCAA has notice requirements that appear to exceed the notice requirements in the waiver-of-indebtedness provisions.