NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

05-7106

MILES J. KING,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED: February 27, 2006

_____

Before NEWMAN, BRYSON, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

Miles J. King appeals from the decision of the Court of Appeals for Veterans Claims (the "Veterans Court") denying him an earlier effective date for a 100% disability rating and refusing to address his claims of clear and unmistakable error ("CUE") for lack of jurisdiction. <u>King v. Principi</u>, No. 02-335 (Vet. App. Oct. 28, 2004). Because Mr. King did not raise a CUE claim before the Board of Veterans' Appeals (the "Board"), the Veterans Court was correct in finding that it lacked jurisdiction to review the CUE claim which was raised before the Veterans Court in the first instance. Accordingly, we <u>affirm</u>.

BACKGROUND

Mr. King served on active duty in the United States Air Force from July 16, 1971 to March 4, 1975. On May 13, 1976, the Regional Office of the Veterans Administration (the "RO") awarded Mr. King service connection for schizophrenia, rated 100% disabling due to individual unemployability. On January 24, 1978, the RO reduced the rating to 70% based upon the results of examinations conducted by the Department of Veterans Affairs ("DVA") which showed continued improvement in Mr. King's disability. Mr. King filed a notice of disagreement ("NOD") in response to the 1978 RO decision, but did not perfect an appeal to the Board.

The RO continued to gradually reduce his disability rating until it was reduced to 30%. On February 12, 1986 the RO confirmed and continued the 30% disability rating. After the 1986 RO decision, Mr. King filed an NOD and perfected an appeal to the Board. On June 8, 1988, the Board increased his disability rating to 50%. The RO granted the rating, making it retroactive to December 11, 1985.

In a letter dated August 21, 1988, Mr. King requested an increase in his service-connection benefits from 50 to 100% and that the increase be retroactive to 1978, the date when the DVA initially reduced his payments. Additionally, Mr. King asserted in the letter that he was given Stelazine, a medication used to treat his service-connected condition, and that it may be connected to causing permanent damage in those who have received it over a long course of treatment. The RO considered Mr. King's letter to be two claims: a claim for an increased rating and earlier effective date for his service-connected mental condition and a new claim for service connection for toxic residuals of Stelazine. In September 1989, the Board remanded the new claim for further development. As to the claim for an increased rating for his service-connected mental

05-7106                                              2

condition, the RO ultimately awarded a rating of 100%, effective February 1990, the date that Mr. King "last worked full time." Mr. King appealed that RO decision to the Board.

On March 20, 1998, the Board granted Mr. King an effective date of August 24, 1988, the day the RO received Mr. King's letter request for an earlier effective date. Mr. King appealed the Board's decision to the Veterans Court, seeking an earlier effective date, retroactive to the 1978 benefit reduction. On February 8, 2001, in response to the passage of the Veterans Claims Assistance Act of 2000, the Secretary of Veterans Affairs (the "Secretary") filed a voluntary motion to remand the matter. On March 21, 2001, the matter was remanded to the Board. On September 28, 2001, the Board issued a decision denying an effective date earlier than August 24, 1988. The Board found that Mr. King did not raise any question of error regarding the favorable decision by the Board in June 1988, which increased his disability rating to 50%, nor did he request that the decision be reconsidered. Thus, the Board noted that the June 1988 Board decision was a final decision and no rating in excess of that 50% rating was assignable prior to the date of that decision. Accordingly, the Board ordered that, under the applicable regulations, an effective date earlier than August 24, 1988 was not warranted.

Mr. King appealed the September 28, 2001 Board decision to the Veterans Court. The Veterans Court found that Mr. King had abandoned his only appealable claim because he did not raise any arguments alleging error in the 2001 Board decision denying his claim of entitlement to an earlier effective date. Instead, as noted by the court, Mr. King's arguments constituted allegations of CUE with respect to earlier, final

Board and RO decisions over which the court found that it lacked jurisdiction because there was no Board decision specifically addressing those allegations of CUE. Finally, the Veterans Court noted that Mr. King could still file a CUE claim with the DVA regarding those earlier decisions.

Mr. King timely appealed to this court. We have jurisdiction pursuant to 38 U.S.C. § 7292.

## DISCUSSION

Pursuant to 38 U.S.C. § 7292(a), any party to the case may obtain review of a Veterans Court's decision upon a rule of law or the validity or interpretation of any statute or regulation relied upon by the Veterans Court in making its decision. Under 38 U.S.C. § 7292(c), this court has exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof brought under this section, and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision."

This court reviews decisions by the Veterans Court deferentially. Under 38 U.S.C. § 7292(d)(1), we must affirm a Veterans Court decision unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1) (2000). Except for constitutional issues, we may not review any "challenge to a factual determination" or any "challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2) (2000).

This court reviews legal determinations of the Veterans Court under a de novo standard. Prenzler v. Derwinski, 928 F.2d 392, 393 (Fed. Cir. 1991). In doing so, this court may "affirm or, if the decision of the Court of Appeals for Veterans Claims is not in accordance with law, . . . modify or reverse the decision of the Court of Appeals for Veterans Claims or . . . remand the matter, as appropriate." 38 U.S.C. § 7292(e)(1) (2000).

Mr. King weaves a seemingly contradictory argument on appeal. First, he argues that the Veterans Court failed to address his claims for an earlier effective date, retroactive to the 1978 reduction in his benefits. He also asserts that the Board should have considered whether the DVA erred in pre-1988 decisions that reduced his rating to less than 100%. Relying exclusively on Maggitt v. West, 202 F.3d 1370 (Fed. Cir. 2000), Mr. King argues that the Veterans Court possessed jurisdiction to hear his arguments in support of an earlier effective date, even if raised for the first time on appeal, because the court had jurisdiction over the claim for an earlier effective date. Specifically, Mr. King asserts that the Veterans Court misinterpreted 38 U.S.C. § 7252, which defines the Veterans Court's jurisdiction, and that according to Maggitt, § 7252 speaks to the Board's decision on the veteran's claim itself, not to an argument made or not made in support of the claim. In keeping with this argument, Mr. King's counsel asserted three times during oral argument that "this case is not about clear and unmistakable error."

Second, in supplemental briefing,[1] Mr. King asserts that "the issue is not did the Veteran allege 'clear and unmistakable error' because he did." (Appellant's Supplemental Br. 2-3.) The only document referred to in Mr. King's supplemental brief is his August 1988 letter. Thus, Mr. King now argues that his August 1988 letter was sufficient to raise an assertion of CUE because it refers to the 1978 reduction of Mr. King's benefits. Further, Mr. King asserts that without legal representation his letter did not use the term CUE to refer to the 1978 reduction, but that is what he meant. In addition, Mr. King asserts that once he obtained adequate representation, he was able to describe the alleged error with specificity beyond that which is required under our holding in Andre v. Principi, 301 F.3d 1354 (Fed. Cir. 2002).

In response, the Secretary first reiterates the Veterans Court's finding that Mr. King abandoned his appeal of the effective date assigned in the September 28, 2001 Board decision because he did not assert that the Board erred in that decision, but rather focused his arguments on previous decisions by the RO and Board which were not the subject of the appeal before the Veterans Court. Second, the Secretary argues that the Board noted that Mr. King did not raise any question of error following the Board's June 8, 1988 decision, nor did he request reconsideration thereof. Third, Mr. King did not attempt to show that an exception to the effective-date rule set forth in 38

---

[1] We permitted the parties to submit supplemental briefing to point to specific documents in the record in order to determine whether Mr. King alleged a CUE claim before the Board in either 1998 or 2001.

U.S.C. § 5110(a)[2] applied, or that his claim for an increased rating was filed before August 1988. Thus, the Secretary asserts that Mr. King's challenge to the effective date assigned by the Board, as presented to the Veterans Court, was limited to allegations of CUE, an issue which was not previously raised to and decided by the Board.

Additionally, the Secretary notes that the Veterans Court did not interpret 38 U.S.C. § 7252, but that if it had, its interpretation would have been controlled by this court's holding in Andre v. Principi, that "each 'specific' assertion of CUE constitutes a claim that must be the subject of a decision by the BVA before the Veterans Court can exercise jurisdiction over it." 301 F.3d 1354, 1361 (Fed. Cir. 2002). The Secretary asserts that Maggitt v. West is not to the contrary, for it held that the Veterans Court has jurisdiction to consider arguments made in support of a claim if that claim was presented to, and decided by, the Board. 202 F.3d at 1376-77 (noting that § 7252 "speaks to the board's decision on the veteran's claim itself, not to an argument made or not made in support of the claim."). In this case, however, because the Board was not presented with, and did not decide, any CUE claims, there was no CUE claim that could provide the basis for the Veterans Court to consider the arguments made by Mr. King pursuant to Maggitt.

Lastly, in supplemental briefing, the Secretary asserts that none of the documents which were filed in this case, beginning with Mr. King's substantive appeal to

---

[2]     38 U.S.C. § 5110(a) provides that
[u]nless specifically provided otherwise in this chapter, the effective date of an award based on an original claim, a claim reopened after final adjudication, or a claim for increase, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor.

the Board, filed in May 1995, raise a CUE challenge against either the 1978 RO decision or the 1988 Board decision.

We agree with the Veterans Court that Mr. King abandoned his appeal of the effective date assigned to the increase of his rating to 100%. In 1988, the Board issued a final decision that Mr. King was not entitled to more than a 50% rating. The DVA read Mr. King's August 21, 1988 letter to constitute another claim for an increased rating and request for the increased rating to be retroactive to the time when the DVA reduced his benefits in 1978. In 2001, the Board issued a final decision on his 1988 claim for an increased rating and earlier effective date, as expressed in his August 21, 1988 letter. Additionally, the 2001 Board decision noted that the date of August 24, 1988 had already been assigned as the earliest effective date for a 100% disability rating for service-connected delusional disorder, persecutory type (formerly diagnosed as schizophrenia), because that was the date that the claim (i.e., the August 21, 1988 letter) was received. In so noting, the Board followed 38 C.F.R. § 3.400(o)(2), the DVA's implementing regulation as to effective dates, pursuant to 38 U.S.C. § 5110(a).

In order for Mr. King to establish entitlement to an earlier effective date for the 100% disability rating based on his 1988 claim, he had to show that either (1) the Board failed to apply an exception to the effective-date rule set forth in 38 U.S.C. § 5110(a), or (2) that he filed his claim for an increased rating earlier than August 21, 1988. Because Mr. King did not attempt to show that the Board failed to apply an exception to 38 U.S.C. § 5110(a) and did not argue that he had filed his claim for an increased rating earlier than August 21, 1988, the Veterans Court was correct in finding that Mr. King

38 U.S.C. § 5110(a) (2000) (emphasis added).

05-7106          8

had abandoned his appeal of the 2001 Board decision.  See Andre, 301 F.3d at 1363 (noting "the jurisprudential rule that 'an issue not raised by an appellant in its opening brief . . . is waived.'" (quoting Becton Dickinson and Co. v. C.R. Bard, Inc., 922 F.2d 792, 800 (Fed. Cir. 1990))).

We also agree with the Veterans Court's conclusion that Mr. King's CUE arguments were not properly before the court because there was no Board decision addressing his specific allegations.  As we explained in Andre, "each 'specific' assertion of CUE constitutes a claim that must be the subject of a decision of the BVA before the Veterans Court can exercise jurisdiction over it."  301 F.3d at 1361.  See 38 U.S.C. § 7252(a) (2000) ("The Court of Appeals for Veterans Claims shall have exclusive jurisdiction to review decisions of the Board of Veterans' Appeals."); 38 U.S.C. § 7111(e) (2000) (a CUE claim "shall be submitted directly to the Board and shall be decided by the Board on the merits . . . .").

Mr. King, however, relies exclusively on Maggitt v. West, 202 F.3d 1370 (Fed. Cir. 2000), where the appellant asserted alternative legal arguments before the Veterans Court that he had not raised before the Board, to support his argument that the Veterans Court had jurisdiction to consider his arguments (that appear to raise claims of CUE) even though he had not asserted those arguments before the Board.  In Maggitt, we held that "[a] 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under section 7252, is the decision with respect to the benefit sought by the veteran . . . ."  202 F.3d at 1376.  Thus, we stated that "[t]his authority also speaks to the Board's decision on the veteran's claim itself, not to an argument made or not made in support of the claim."  Id. at 1376-77.  The facts in Maggitt, however, are not

analogous to the facts in this case because <u>Maggitt</u> did not involve the assertion of a CUE claim. Therefore, our decision in <u>Andre</u>, which dealt with the specific issue presented in this case, i.e., whether Mr. King had to assert his claims of CUE before the Board in the first instance, controls the result in this case. Because Mr. King did not assert a CUE claim before the Board, the Veterans Court correctly determined that it lacked jurisdiction to address the merits of the CUE claim in the first instance. <u>Andre</u>, 301 F.3d at 1361-62.

Additionally, we reject Mr. King's argument, raised for the first time in supplemental briefing, that the August 1988 letter alone[3] was sufficient to raise a CUE claim. First, this argument runs directly contrary to Mr. King's assertion at oral argument that this was not a CUE case. Second, even accepting Mr. King's new-found argument about his 1988 letter, we do not find that it raised a claim of CUE with the specificity required under the law. As we stated in <u>Andre</u>:

> [t]he party bringing a CUE challenge to a final RO decision bears the burden of proving that the decision was based on a clear and unmistakable error. This burden is not satisfied by the mere assertion that the decision contained CUE; instead, the party must describe the alleged error 'with some degree of specificity' and must provide persuasive reasons 'as to why the result would have been manifestly different but for the alleged error.'

301 F.3d at 1361 (citation omitted).

There can be no dispute in this case that the August 1988 letter did not satisfy

---

[3] Even though Mr. King was given the opportunity to point to additional documents in the record which support his arguments, he has failed to do so. The only document referred to in Mr. King's supplemental brief is his August 1988 letter, which was contained in the appendix included with the briefs as initially filed.

the minimal standard of specificity required for asserting a CUE claim, nor did it provide any reason why the result would have been different but for the alleged error. In fact, Mr. King admitted as much in the supplemental briefing, where: (1) he does not attempt to show that he asserted any error with specificity in his August 1988 letter, and (2) he essentially states that it wasn't until he was represented by his current counsel that he was able to describe the alleged errors with the specificity required. (Appellant's Supplemental Br. 5.) Additionally, Mr. King's brief to the Veterans Court admitted as much when he stated, "[a]lthough Appellant did not allege clear and unmistakable error below [e.g., to the Board], the facts are sufficiently similar for the Court to render the same decision . . . ." (J.A. 525.)

Based on the record in its entirety, we conclude that Mr. King did not raise the allegations of CUE before the Board in the first instance.[4] Therefore, the Veterans Court was without jurisdiction to entertain Mr. King's CUE arguments because they were not previously the subject of a decision by the Board. See Andre, 301 F.3d at 1361 ("each 'specific' assertion of CUE constitutes a claim that must be the subject of a decision of the BVA before the Veterans Court can exercise jurisdiction over it.").

Notably, however, it appears that Mr. King is not left entirely without a remedy. As the Veterans Court acknowledged, he remains free to raise his allegations of CUE before the DVA in the first instance. Accordingly, the judgment of the Veterans Court is affirmed.

No costs.

---

[4] We note that although Mr. King asserts that he was unrepresented when he drafted his August 1988 letter, he was represented by the Disabled American Veterans before the Board in 1998 and 2001.