NOTE:   This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7117

JAMES WOODS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

James Woods, of Garner, North Carolina, pro se.

Robert Chandler, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Donald E. Kinner, Assistant Director.   Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Tracey P. Warren, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge William A. Moorman

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7117

JAMES WOODS,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veteran's Affairs,

Respondent-Appellee.

_____

DECIDED:  August 9, 2007

_____

Before MICHEL, <u>Chief Judge</u>, SCHALL <u>Circuit Judge</u>, and BUCKLO,<sup>*</sup> <u>District Judge</u>.

MICHEL, <u>Chief Judge</u>.

James Woods petitions for review of the final decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the Board of Veterans' Appeals' ("Board") denial of the termination of garnishment of his disability benefit. <u>Woods v. Nicholson</u>, No. 04-2406 (Vet. App. Dec. 14, 2006).  Because we find no legal error, and factual determinations of the Veteran's Court are unreviewable by this Court, we <u>affirm</u>.

---

     <sup>*</sup>     Honorable Elaine E. Bucklo, District Judge, United States District Court for the Northern District of Illinois, sitting by designation.

## I. BACKGROUND

Woods served on active duty in the United States Air Force from February 1962 to January 1988. On May 11, 1988, the Superior Court of the District of Columbia, Family Division ("Superior Court"), granted Woods' petition for absolute divorce and ordered him to pay his former spouse $400 per month in alimony. Woods did not pay this alimony and arrearages accrued over the next thirteen months. In July 1989, the court entered a consent order that required Woods to pay $830 to his former spouse each month, $400 in current alimony and $430 to be credited toward arrearages. On October 20, 1998, the Superior Court issued a writ of attachment to address the arrearages, which had reached $37,200. The writ ordered the Department of Veterans Affairs ("VA") Regional Office ("RO") in Winston-Salem, North Carolina, to garnish $830 from his monthly disability benefits and pay it directly to his ex-spouse. By September 9, 2002, Woods' disability payments had been garnished in the amount of $39,840.

Woods contacted the RO to have the garnishment terminated on the grounds that he had paid more than the $37,200 required by the writ. As communicated in a December 2002 letter, the RO Regional Counsel reviewed the writ and related court documents and determined that only $21,040 ($430 per month) had been credited towards arrearages while the remaining $18,800 ($400 per month) had been credited towards current alimony support. The RO thus denied Woods' request for termination of garnishment, and it further noted that it was bound to comply with the writ until otherwise ordered by the Superior Court.

On appeal, the Board sustained the decision of the RO, finding that there was no competent evidence that the Order was terminated, amended, superseded, or satisfied.

<u>Appeal of Woods</u>, No. 03-19 278, slip op. at 2 (B.V.A. Dec. 10, 2004). The Board further noted that the veteran had "been given ample opportunity to submit valid evidence that he ha[d] satisfied the [writ] of the court" but did not do so. <u>Id.</u> The Veterans Court affirmed the decision of the Board. Woods timely filed this petition to review the decision of the Veterans Court.

## II.    DISCUSSION

We have jurisdiction over final decisions of the Veterans Court pursuant to 38 U.S.C. § 7292(a). Our scope of review, however, is limited to "the validity of a decision of the [Veterans] Court on a rule of law or of any statute or regulation . . . or any interpretation thereof (other than a determination as to a factual matter) that was relied on by the Court in making the decision." <u>Id.</u> This Court may not review "(A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2); <u>see also</u> <u>Maggitt v. West</u>, 202 F.3d 1370, 1374 (Fed. Cir. 2000).

At bottom, Woods argues that the writ of attachment only authorizes garnishment of $37,200 and that he thus satisfied the writ because his benefits have been garnished in excess of that amount. However, the writ is clear on its face that the figure of $37,200 only refers to the <u>arrearages</u> in alimony. It is undisputed that the May 11, 1988 order to pay $400 per month in current alimony was never terminated, amended, or superseded, thus Woods has ever since had a continuing obligation to pay current alimony. The Veterans Court affirmed the Board's finding that the RO had correctly determined that only $21,040 had been credited toward the $37,200 in arrearages noted in the writ, and we cannot disturb this factual finding. As such, Woods' argument

that he satisfied the writ lacks merit. He further does not argue that the writ is legally deficient or that it was terminated, amended, or superseded. To the extent that he contests the Veterans Court's interpretation or application of 42 U.S.C § 659(a) and 5 C.F.R. § 581.301, Woods offers no arguments in support of such a contention, and in any event we conclude that the Veterans Court did not commit any legal error. Therefore, the decision of the Veterans Court is <u>affirmed</u>.