NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIAM CRAWFORD, JR.,**
*Claimant-Appellant,*

**v.**

**ERIC K. SHINSEKI, Secretary of Veterans Affairs,**
*Respondent-Appellee.*

---

2013-7055

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 11-2900, Judge Lawrence B. Hagel.

---

Decided: August 19, 2013

---

WILLIAM CRAWFORD, JR., of Chicago, Illinois, pro se.

SHELLEY D. WEGER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With her on the brief were STUART F. DELERY, Acting Assistant Attorney General, JEANNE E. DAVIDSON, Director, and Scott D. Austin, Assistant Director. Of counsel on the brief were MICHAEL J. TIMINSKI, Deputy Assistant General Counsel, and AMANDA R. BLACKMON, Attorney,

United States Department of Veterans Affairs, of Washington, DC.

_____

Before PROST, MOORE, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Mr. Crawford appeals from the decision of the United States Court of Appeals for Veterans Claims (Veterans Court) dismissing his appeal for lack of jurisdiction. Because Mr. Crawford only raises issues outside of our jurisdiction, we *dismiss*.

## BACKGROUND

Mr. Crawford served in the United States Air Force for approximately two years. Following his honorable discharge in 1982, he filed a claim for service connection for a boutonnière deformity that limits the flexion in his right little finger. The Board of Veterans' Appeals (Board) granted service connection for that deformity, and the RO subsequently assigned a zero percent disability rating (1984 rating decision).

In 1994, he filed a claim seeking an increased rating. The RO granted him a ten percent disabling rating effective March 1994, the date of his outpatient treatment record. Mr. Crawford appealed, seeking a higher rating and an earlier effective date. The Board denied his requests (1996 Board decision). Mr. Crawford did not appeal that decision.

Nearly eight years after the 1996 Board decision, Mr. Crawford filed a claim seeking retroactive benefits starting from his date of discharge until 1994. The RO denied his claim and he appealed to the Board. During the pendency of that appeal, the RO granted him a separate claim for service connection for a scar on the same finger as secondary to his boutonnière deformity. The RO assigned a zero percent disabling rating to the scar disability effective November 2004.

Mr. Crawford appealed to the Board. He argued that he should have received a higher rating and earlier effective date for his boutonnière deformity and a compensable rating for his scar disability. The Board denied an increased rating for either condition. Mr. Crawford also argued that the 1984 rating decision contained clear and unmistakable error (CUE) based on the failure to assign a compensable rating for his boutonnière deformity. The Board remanded that claim of CUE to the RO, which found no CUE.

Mr. Crawford appealed to the Board. He reiterated his claim of CUE based on the 1984 non-compensable rating for his boutonnière deformity and also sought an earlier effective date for that condition. The Board denied the claim of CUE because Mr. Crawford only challenged how the RO weighed the evidence. It also dismissed the claim for an earlier effective date, finding that Mr. Crawford impermissibly sought to undo the 1996 Board decision, which he did not appeal, by asserting a freestanding claim.

Mr. Crawford appealed to the Veterans Court. He argued that the Board "failed to consider the evidence of a painful scar which would warrant a compensable [disability] rating . . . for tenderness and painful scar." *Crawford v. Shinseki*, No. 11-2900, slip op. at 1 (Vet. App. Dec. 12, 2012) (quoting Appellant's Br. at 5–6). He also argued that the Board failed to consider statutory provisions, which he alleged provided for a compensable disability rating "upon evidence of a painful scar." *Id.* The Veterans Court characterized Mr. Crawford's argument to be that the 1984 rating decision "failed to address a reasonably raised claim for benefits for a right fifth finger scar." *Id.* Finding that Mr. Crawford had "never advanced such an assertion previously," the Veterans Court concluded that there was no final Board decision on the issue, and therefore that it lacked jurisdiction over the claim. *Id.* at 1–2. Mr. Crawford appeals.

## DISCUSSION

We may only review "all relevant questions of law, including interpreting constitutional and statutory provisions" on which the Veterans Court's decision relied. 38 U.S.C. § 7292(d). Unless an appeal presents constitutional questions, we may not review "a challenge to a factual determination," or "a challenge to a law or regulation as applied to the facts of a particular case." *Id.* § 7292(d)(2)(A)–(B). "The jurisdictional reach of the Veterans Court presents a question of law for our plenary review." *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000) (internal citation omitted).

Mr. Crawford argues that he is entitled to benefits for both of his conditions, effective as of his discharge. He seeks compensation retroactively from the date of his discharge until his present 1994 effective date.

The government responds that we should dismiss Mr. Crawford's appeal for lack of jurisdiction. It argues that Mr. Crawford does not challenge the Veterans Court's holding that it lacked jurisdiction. Even if Mr. Crawford were challenging that dismissal, the government argues that the Veterans Court correctly determined that it lacked jurisdiction because Mr. Crawford has never presented a claim to the RO alleging CUE in the 1984 rating decision based on the failure to address his scar deformity.

We agree with the government that Mr. Crawford only challenges issues that are outside of our jurisdiction. Specifically, Mr. Crawford challenges the effective dates of his conditions. These, however, are fact issues beyond our jurisdiction, and the Veterans Court did not even decide them. *See* 38 U.S.C. § 7292(d)(2)(A). Mr. Crawford does not challenge the Veterans Court's holding that it lacked jurisdiction over his case, which is the only issue that we do have jurisdiction to review.

Because Mr. Crawford has not raised issues over which we have jurisdiction, we *dismiss*.

# DISMISSED

## Costs

No costs.