NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TRACY L. PENLEY,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-2088

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-8656, Judge Scott Laurer.

---

Decided:  October 7, 2022

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant. Also represented by GREGORY MICHAEL RADA, After Service LLC, Denver, CO.

EVAN WISSER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, LOREN MISHA PREHEIM; AMANDA BLACKMON, BRIAN D. GRIFFIN, Office of

General Counsel, United States Department of Veterans Affairs, Washington, DC.

————————————

Before MOORE, *Chief Judge*, CHEN and STOLL, *Circuit Judges*.

MOORE, *Chief Judge*.

Tracy L. Penley appeals a decision of the United States Court of Appeals for Veterans Claims affirming the Board of Veterans' Appeals' decision denying her an earlier effective date for total disability rating based on individual unemployability (TDIU) benefits. Ms. Penley argues the Veterans Court incorrectly affirmed the Board's finding that the Department of Veterans Affairs (VA) implicitly denied her application for TDIU benefits in its 1999 and 2001 ratings decisions. Except for constitutional issues, we "may not review . . . a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). We do not have jurisdiction to decide whether the Veterans Court erred in applying the implicit denial rule to the facts of this case and therefore dismiss the appeal as to this issue.

Ms. Penley also appeals the Veterans Court's decision to not consider her arguments regarding 38 C.F.R. § 3.156(b) pursuant to principles of administrative exhaustion. It is undisputed Ms. Penley did not raise any argument regarding § 3.156(b) to the Board. Appellant's Br. 16. The Veterans Court did not abuse its discretion in declining to decide the argument in the first instance on appeal. *See Maggitt v. West*, 202 F.3d 1370, 1377 (Fed. Cir. 2000). We therefore affirm the decision as to this issue.

**DISMISSED IN PART AND AFFIRMED IN PART**

COSTS

No costs.