NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ERMON DAVIS,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2023-1368

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 21-3919, Judge Scott Laurer.

---

Decided: May 8, 2023

---

ERMON DAVIS, Richton Park, IL, pro se.

MATTHEW JUDE CARHART, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee. Also represented by BRIAN M. BOYNTON, TARA K. HOGAN, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN, ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before PROST, LINN, and CUNNINGHAM, *Circuit Judges.*

PER CURIAM.

Ermon Davis appeals a decision of the Court of Appeals for Veterans Claims ("Veterans Court") dismissing his appeal for lack of jurisdiction. Because the Veterans Court properly determined that it lacked jurisdiction, we affirm.

## BACKGROUND

Mr. Davis filed a service-connection claim for bilateral hearing loss in 2006. In 2017, Congress enacted the Veterans Appeals Improvement and Modernization Act ("AMA"), which allows veterans like Mr. Davis to opt into a new kind of review system that gives veterans more options for appealing a determination by a regional office. *See* Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, sec. 2(x)(5), 131 Stat. 1105, 1115. Veterans like Mr. Davis can, for example, opt in "by filing for a review option under the new system . . . on a form prescribed by the Secretary" of the Department of Veterans Affairs. 38 C.F.R. § 3.2400(c)(2). The form used to appeal to the Board of Veterans' Appeals ("Board") through the AMA system is called "VA Form 10182." *See* App'x 32.[1]

In June 2019, Mr. Davis filed a VA Form 10182 indicating that he wanted to appeal his "[e]ntitlement to service connection for bilateral hearing loss" and sought a Board hearing and the opportunity to submit additional evidence. App'x 32. However, in October 2019, the Board issued a remand under the pre-AMA system for further factual development, and it did not provide Mr. Davis with a hearing. *See* App'x 6–7. The Board then vacated that remand in a March 2021 order because it determined that Mr. Davis had opted into the AMA system and that he was

---

[1] "App'x" refers to the appendix attached to Appellee's informal brief.

"denied due process of law when his request [for a Board hearing] remained unfulfilled." App'x 7.

Mr. Davis appealed the Board's March 2021 order to the Veterans Court. App'x 4. The Veterans Court dismissed that appeal for lack of jurisdiction. App'x 5. Mr. Davis appeals that dismissal to this court, and we have jurisdiction under 38 U.S.C. § 7292.

## DISCUSSION

On appeal, Mr. Davis challenges the Veterans Court's determination that it lacked jurisdiction. *See* Appellant's Informal Br. 4–6. "The jurisdictional reach of the Veterans Court presents a question of law for our plenary review." *Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000).

The Veterans Court properly determined that it lacked jurisdiction over Mr. Davis's appeal. Section 7252(a) of title 38 grants the Veterans Court "exclusive jurisdiction to review *decisions of the [Board].*" 38 U.S.C. § 7252(a) (emphasis added). "A 'decision' of the Board, for purposes of the Veterans Court's jurisdiction under [§] 7252, is the decision with respect to the benefit sought by the veteran: those benefits are either granted . . . or they are denied." *Maggitt*, 202 F.3d at 1376. The Board's March 2021 order neither granted nor denied Mr. Davis benefits—that order merely vacated a prior Board remand so that Mr. Davis's bilateral hearing claim could proceed through the AMA system that Mr. Davis elected. Accordingly, the Veterans Court lacked jurisdiction.

## CONCLUSION

We have considered Mr. Davis's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

**AFFIRMED**

## COSTS

No costs.