HAGEL, Judge,
concurring:
I write separately because I disagree with the Court’s finding that an unsigned report of a medical examination, without any further evidence to explain its regularity, may be used in the adjudication of Mr. Johnson’s claim for disability compensation. Because I believe that the Secretary has established that the July 2005 examiner’s report was properly transmitted, however, I concur in the result.
Mr. Johnson argues that the Board was obligated to return the July 2005 VA examiner’s report as incomplete for adjudication purposes because it was unsigned and because there was no indication that the report was transmitted via the Compensation and Pension Record Interchange. See M21-1MR, pt. Ill, subpt. iv, ch. 3, § D-3 (requiring that reports of physical examinations must be reviewed or signed by the examining physician, unless the report is transmitted via the Compensation and Pension Record Interchange). The question here is not whether there is a presumption that the Government official who prepared this report properly discharged his duties by either signing or properly transmitting the examination report; such a presumption undoubtedly exists. See Marsh v. Nicholson, 19 Vet.App. 381, 385 (2005). Instead, the relevant question is whether that presumption of regularity is rebutted by evidence in the record that the report was not signed; bears no indication that the unsigned copy was the final opinion of the medical examiner; and was transmitted by a method authorized by regulation. I would hold that such evidence is sufficient to rebut the presumption of regularity.
Mr. Johnson is correct in alleging that the copy of the July 2005 VA examiner’s report in the record is not signed. Moreover, there is no indication on the face of that report that it was transmitted via the Compensation and Pension Record Interchange. This state of the evidence would appear to violate the M21-1 MR requirements and thus make consideration of the examination report by the adjudicator erroneous.
Although the Secretary does not argue that the Court should apply the presumption of regularity, the Court would have us simply presume that the examination report was properly transmitted. I find two reasons why that presumption should not apply here. First, the plain language of the M21-1MR provision addressing examination reports does not direct VA rating *350 officials to presume that an unsigned report was properly transmitted. As the rule mandates, a report of examination must be signed by a physician; there are no exceptions. The original, signed copy is required to be maintained in the claimant’s VA medical file. The M21-1MR permits the adjudicator to consider the contents of a medical examination when one of two conditions are met: (1) A signed copy of the examination is presented, or (2) an unsigned copy is presented if the unsigned copy is transmitted to the agency of original jurisdiction through the Compensation and Pension Record Interchange. See M21-1MR, pt. Ill, subpt. iv, ch. 3, § D-3 (Dec. 29, 2007 change).[5] There is no room for a presumption to operate in the context of an explicitly either/or rule.
Second, the presumption of regularity, upon which the Court relies here, is not absolute. After a court presumes that what appears to be regular is regular, the burden shifts “to the attacker to show the contrary.” Butler v. Principi, 244 F.3d 1337, 1340 (Fed.Cir.2001). The only evidence that could show that a report was unreliable for purposes of use in an adjudication is (1) the fact that the report is unsigned, (2) the fact that the report does not appear on its face to have been transmitted by authorized means, and (3) the absence of evidence of proper transmission by records contained in the administrative system that VA uses to track such transmissions. Although a veteran can establish the first two means of rebutting the presumption of regularity, the evidence necessary to establish the third rebuttal method (access to VA’s administrative system) remains exclusively in VA’s control. In this case, Mr. Johnson asserts that the fact the document is unsigned, and the fact that there is no evidence in the record on appeal that the document was submitted via the Compensation and Pension Record Interchange, is sufficient, without more, to rebut the presumption that the medical opinion was genuine. The Court would hold that the first two rebuttal methods are insufficient to rebut the presumption that the medical report was valid for rating purposes. By so holding, the Court creates an unduly onerous path for a veteran to rebut the presumption of regularity-
A veteran who notices that an examination report in his record appears to be irregular does not have the means to access VA’s computer system to determine whether an unsigned examination report was, in fact, transmitted by the Compensation and Pension Record Interchange. In practice, requiring a veteran to navigate the VA administrative system to which he has no access to find out whether an unsigned report was properly transmitted to the adjudicator would strip any protection afforded by the M21-1 MR provision and would transform the rebuttable presumption of regularity into an essentially irre-buttable presumption.
In this case, Mr. Johnson has presented evidence that the July 2005 examination report did not comply with the applicable M21-1MR requirements. This, in my opinion, is sufficient to rebut the presumption of regularity. In other words, I believe that the presence of an unsigned report of a medical examination, without any notation on the document itself or without other evidence that the unsigned report was not required to bear the signature of the reviewing physician, rebuts any presumption that the medical examination is regular. In response, the Secretary has *351 introduced evidence that the report was properly transmitted through internal VA means specifically authorized for such transmission. In his brief, the Secretary attached a copy of the July 2005 VA examination report and an image from a computer screen that he argues proves that the report was transmitted in compliance with M21-1MR standards. Secretary’s Br. App. at 1. Normally, this Court is precluded by statute from considering any material that was not contained in the “record of proceedings before the Secretary and the Board.” 38 U.S.C. § 7252(b); Rogozinski v. Derwinski, 1 Vet.App. 19 (1990) (review in the Court shall be on the record of proceedings before the Secretary and the Board). This does not mean, however, that the Court may only consider documents included in the record on appeal submitted to the Court. The dispositive question when presented with documents that are not included in the record on appeal is whether the documents are part of the record that was before the Board. 38 U.S.C. § 7252(b). The Court has given a broad reading to the meaning of what documents were before the Board. In Bell v. Derwinski, the Court held that VA-generated documents were constructively “before the Secretary and the Board” within the meaning of section 7251(b). 2 Vet.App. 611, 612-13 (1992). Because the transmittal documents introduced by the Secretary here were clearly generated by VA during the pendency of Mr. Johnson’s claim, those documents were indeed “before the Board” and may be considered by the Court. See 38 U.S.C. § 7252(b); Bell, 2 Vet.App. at 613.
Having found that the Secretary’s documents are properly before the Court, the next task is to determine what those documents actually establish. Although the transmittal documents alone may be insufficient to establish that the examination report was properly transmitted, Mr. Johnson does not contest the validity of the Secretary’s proof. Therefore, I believe that the Secretary’s unchallenged assertion that the July 2005 VA examination report was transmitted through the Compensation and Pension Record Interchange is sufficient to find that the report was signed in accordance with the M21-1MR. See MacWhorter v. Derwinski, 2 Vet.App. 133, 136 (1992) (holding that a party’s failure to respond to a legally plausible position in an opposing brief allowed the Court to assume the point raised by the opposing brief).
Finally, having stated my position on the application of the presumption of regularity in this case, I note also that this is a question that the Court did not need to consider. The argument that an unsigned medical report is not sufficient for rating purposes was not presented to the Board. Consequently, although the Court may hear legal arguments that were not raised to the Board on a claim that is properly before the Court, it is not required to do so. See Maggitt v. West, 202 F.3d 1370, 1377 (Fed.Cir.2000) (holding that this Court has discretion to either address or remand arguments presented to it in the first instance, provided it otherwise has jurisdiction over the claim). Because the Board is in a better position to consider Mr. Johnson’s argument regarding the authenticity of the medical report and to obtain evidence regarding whether the examination report has been prepared and properly transmitted in accordance with VA regulations, and because Mr. Johnson did not raise this argument below, the Court should, in my view, decline to consider this argument. See Maggitt, 202 F.3d at 1377.

. The purpose for this rule is to ensure that the adjudicator considers only an examiner's final opinion, not a preliminary draft opinion. The rule serves a valid purpose and is not just intended as a trap for the unwary.