NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WILLIE J. COCKRELL,**
*Petitioner-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2010-7115

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 09-0500, Judge Lawrence B. Hagel.

---

Decided: November 5, 2010

---

WILLIE J. COCKRELL, Bessemer, Alabama, pro se.

SCOTT T. PALMER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were TONY WEST, Assistant Attor-

ney General, JEANNE E. DAVIDSON, Director, and KIRK T. MANHARDT, Assistant Director.

———————————

Before GAJARSA, LINN, and DYK, *Circuit Judges*.

PER CURIAM.

Mr. Willie J. Cockrell appeals the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") that affirmed the Board of Veterans' Appeals ("Board") decision denying him entitlement to an effective date earlier than July 20, 2005, for his bilateral hearing loss and tinnitus. *Cockrell v. Shinseki*, No. 09-0500, 2010 WL 2232430, at *1 (Vet. App. June 3, 2010). Because Mr. Cockrell is appealing factual determinations, or at most, the law as applied to the facts of the case, this court lacks jurisdiction to consider his claims and the appeal is *dismissed*.

## BACKGROUND

Mr. Cockrell served in the United States Army from January 1968 to December 1969. On July, 20, 2005, the Department of Veterans Affairs ("VA") received Mr. Cockrell's claim for tinnitus and bilateral hearing loss. In November 2005, Mr. Cockrell received a VA medical examination. Based on the examination's results, the regional office issued a rating decision awarding Mr. Cockrell disability benefits for bilateral hearing loss with a 20% disability rating and tinnitus with a 10% disability rating. The effective date assigned to both the tinnitus and bilateral hearing loss disability ratings was July 20, 2005, which the regional office determined based on the date that the "original disability claim . . . was received." *Id.,* at *2.

In December 2005, Mr. Cockrell filed a Notice of Disagreement ("NOD") with the rating decision. In the NOD, he stated, "I do not agree with the date which is being used to determine the time that my compensation started. I feel that the date of my compensation should go back to the day I separated from the military." *Id.* In May 2007, Mr. Cockrell was afforded a hearing before the regional office. The hearing testimony addressed Mr. Cockrell's concerns for his effective date, but did not discuss an increase in disability rating.

In June 2007, Mr. Cockrell appealed to the Board, stating that he wished to appeal "[e]ntitlement to an effective date earlier than July 20, 2005, for the grant of service-connection for bilateral hearing loss and tinnitus." *Id.* On February 2, 2009, the Board determined that Mr. Cockrell was not entitled, by law, to an effective date earlier than July 20, 2005.

Mr. Cockrell appealed the Board's decision to the Veterans Court; the decision was affirmed. In addition to his earlier effective date argument, Mr. Cockrell asserted, for the first time, that he wanted his percent rating of disability increased for his hearing loss. Regarding the earlier effective date argument, the Veterans Court held that Mr. Cockrell "is simply not entitled by law to an effective date earlier than the date VA received his claim." *Id.* The Veterans Court relied on 38 C.F.R. § 3.157(a) (2009); the regulation states that the effective date for an award of compensation benefits is the later of the date of the receipt of the claim or the date when entitlement to the benefit arose. Additionally, the Veterans Court noted that 38 U.S.C. § 5110(a) (2006) states that the effective date for an award of disability benefits "shall not be earlier than the date of receipt of the application." *Cockrell*, 2010 WL 2232430, at *2.

The Veterans Court, relying on *Maggitt v. West*, 202 F.3d 1370, 1377-78 (Fed. Cir. 2000), decided to exercise its discretion to consider Mr. Cockrell's argument for increased disability ratings, even though the specific argument was not presented before the Board. *Cockrell*, 2010 WL 2232430, at *2. Concerning tinnitus, the Veterans Court found that "Mr. Cockrell was awarded the maximum disability rating authorized and is not entitled to an increase in disability rating." *Id.* The Veterans Court then reviewed Mr. Cockrell's hearing loss disability rating and decided the proper rating was awarded based on his examination results. *Id.*, at *3.

Mr. Cockrell timely appealed the Veterans Court's decision to this court.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited by statute. *Forshey v. Principi*, 284 F.3d 1335, 1338 (Fed. Cir. 2002). Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the Veterans Court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and may interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, this court "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Because Mr. Cockrell's single issue falls under the prohibited categories listed in § 7292(d)(2), this court lacks jurisdiction to review Mr. Cockrell's appeal.

Mr. Cockrell's entire appeal consists of the following statement: "The Court of Appeals for Veterans Claims

failed to decide correctly regarding dating my hearing loss back to December 30, 1969 for my hearing loss." This claim is, at most, a challenge to the Veterans Court's application of laws and regulations to the facts of the case. Mr. Cockrell raises no other issues.

CONCLUSION

Because Mr. Cockrell's appeal involves neither the validity or interpretation of a statute or regulation nor a Constitutional challenge, this court is statutorily precluded from considering his claim. Accordingly, the appeal is dismissed.

No Costs.