PIETSCH, Judge,
concurring:
Like so many others, I find 38 C.F.R. § 3.157(b) singularly difficult to decipher, *32 and I cannot understand why the Secretary did not long ago heed Judge Stein-berg’s warning that this regulation is “largely incomprehensible” and follow his suggestion to place it “near the top of the list for revision.” Sears v. Principi, 16 Vet.App, 244, 250 (2002) (Steinberg, J., concurring). The Court in its per curiam opinion and Judge Davis both make excellent attempts at divining meaning from a grammatically nightmarish heap of conjunctions and crisscrossing modifiers. The Secretary’s interpretation to which the Court defers, however, is the most convincing.
The general meaning of the other regulation at issue in this case, 38 C.F.R. § 3.156(c), is much less in doubt. Its application to the unique facts of this case, however, raises a novel interpretative question. For reasons I will explain below, I do not think that it is appropriate to answer that question at this time. I therefore agree that the appellant’s case should be remanded to the Board of Veterans’ Appeals (Board) for it to consider, in the first- instance, whether the appellant is entitled to use § 3.156(c) to achieve an earlier effective date for his disability benefits.
Pursuant to § 3.156(c)(1), “any time after VA issues a decision on a claim, if VA receives or associates with the claims file relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim, VA will reconsider the claim.” If VA then grants the claimant entitlement to the benefits he seeks, the effective date for those benefits is “the date entitlement arose or the date VA received the previously decided claim, whichever is later.” 38 C.F.R. § 3.156(c)(3).
The appellant’s claim was initially denied in 1974. Record (R.) at 1370. In 1978, VA obtained documents that appear to be “relevant official service department records that existed and had not been associated with the claims file when VA first decided the claim,” considered those documents, and again denied his' claim. 38 C.F.R, § 3.156(c)(1); R. at 1285-87, 1290-1301. When; nearly 30 years later, VA finally granted his claim, it relied in part on his service department records. R. at 530-537. For that reason, the'appellant believes; VA should apply § 3.156(c)(3) to the facts of his case. Proper application of that provision, he asserts, indicates that the effective date for his disability benefits should be in February 1974.
If the 1978 decision didn’t exist, the appellant’s argument would stand a good chance of succeeding. But that 1978 decision cannot be ignored. The question before the Court, then, is whether VA’s 1978 decision foreclosed the appellant’s eligibility for an effective date based on § 3.156(c)(3) even though VA was eventually persuaded to award him disability benefits in part by service department records that were extant but not in the record when it originally denied his claim in 1974.[7]
Chief Judge Kasold believes that the rule of finality governs, and the finality of the 1978 decision, unless it is overcome by collateral attack, blocks VA from applying § 3.156(c)(3) to records obtained before that decision was issued. Post at 34 (cit *33 ing Cook v. Principi, 318 F.3d 1334, 1339 (Fed.Cir.2002)). Section 3.156(c), however, is an exception to finality, and the regulation does not specifically address what adjudicators should do when faced with a fact pattern like the one in this case. - Proper interpretation of the regulation is at least reasonably debatable.
Which brings me to the reason why I believe that this issue should be remanded to the Board. The record reveals that VA has never considered whether § 3.156(c) applies to the appellant’s case. The Board did not address the matter. The appellant, acting pro se at the time, did not raisé it when he submitted his initial brief to the Court. The Secretary mentioned § 3.156(c) in his brief, but did not address the specific issue now before us. The appellant did not file a reply brief. The appellant, after obtaining counsel, brought the § 3.156(c) question to the Court’s attention in a notice of supplemental authorities. He stated the issue, but provided no analysis.
The appellant’s counsel briefly discussed the matter during an oral argument held by the original panel in this case. When the Secretary’s counsel rose, she chose not to discuss § 3.156(c), and the panel did not ask her about the regulation or the appellant’s arguments. The panel remanded the § 3.156(c) issue to the Board for it to consider it in the first instance. The Secretary, in his motion for full Court review, did not challenge that portion of the panel’s decision. In his response to the Secretary’s motion, the appellant argued that § 3.156(c) should apply to his case. As Chief Judge Kasold rightly notes, the appellant’s argument was not thorough. Post at 34. The Secretary did not respond to the appellant, and the Court has not asked him to do so. To date, the Secretary has never presented argument concerning the § 3.156(e) issue in this case. There is no precedential decision of this Court discussing that issue, at least none that Chief Judge Kasold cites.
I do not necessarily disagree with Chief Judge Kasold’s interpretation of § 3.156(c). However, because the Board and Secretary have not addressed the matter and the appellant has done so inadequately, my opinion is at present not well informed. The tenets of judicial restraint counsel me against foisting my uninformed view of this issue on posterity (and untold numbers of future claimants) in the absence of relevant precedent and in the face of virtual silence from the parties, especially when that silence can be remedied simply by sending this case back down. See Michigan v. Long, 463 U.S. 1032, 1067, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983) (Stevens, J., dissenting) (“[A] policy of judicial restraint — one that allows other decisional bodies to have the last word in legal interpretation until it is truly necessary for this Court to intervene — enables this Court to make its most effective contribution to our federal system of government.”).
When an issue is raised for the first time on appeal, the Court may decide it, remand it, or decline to address it. Maggitt v. West, 202 F.3d 1370, 1377-79 (Fed.Cir. 2000). When deciding how to proceed, the Court should be guided by the interests of the parties and its own interest in judicial economy. Id. All involved are better served if the Court remands the § 3.156(c) issue to the Board to decide. The appellant will have an opportunity to make a thorough argument supporting his position, the Board will get its interpretation of the regulation on paper, and the Court will have a firm grasp of the issue should it return to us at a later date. See id. at 1377 (stating that it is in VA’s interest to “protect agency administrative authority” and noting that “even if the agency rejects the individual’s arguments, in some in *34 stances a better record is made for appellant review of the agency decision”). I therefore agree that the § 3.156(c) issue should be remanded to the Board for it to consider in the first instance.

. In a May 2013 single-judge memorandum decision, the Court decided this issue under a set of faqts that, for present purposes, are essentially identical to those in this case. The Court reached a conclusion very similar to the conclusion Chief Judge Kasold reaches in his partial dissent. See Blubaugh v. Shinseki, No. 12-0483, 2013 WL 1897179, 2013 U.S.App. Vet. Claims LEXIS 703 (Vet.App., May 7, 2013). The Court’s decision is currently on appeal at the U.S. Court of Appeals for the Federal Circuit. That tribunal heard oral argument on the matter on June 3, 2014.