NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RICHARD A. PROCEVIAT,**

*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee*

---

2021-1810

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 20-5432, Judge Michael P. Allen.

---

Decided:  September 16, 2021

---

RICHARD A. PROCEVIAT, Elma, Manitoba, Canada, pro se.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by BRIAN M. BOYNTON, CLAUDIA BURKE, MARTIN F. HOCKEY, JR.; Y. KEN LEE, BRYAN THOMPSON, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

———————————

Before MOORE, *Chief Judge*, PROST and STOLL, *Circuit Judges*.

PER CURIAM.

Richard A. Proceviat appeals an order of the United States Court of Appeals for Veterans Claims dismissing in part and denying in part Mr. Proceviat's petition for a writ of mandamus. S.A. 1–3.[1]  For the reasons below, we *vacate* and *remand*.

## I

On March 20, 2018, the Department of Veterans Affairs (VA) examined Mr. Proceviat in connection with his claim for service-connected disability compensation.  Ultimately, the medical examiner opined that Mr. Proceviat's rheumatoid arthritis is not service connected.  Although the medical opinion is not in the record, the VA claims the examiner relied on medical literature indicating there is no known cause for rheumatoid arthritis.  S.A. 57.  Based on the medical examiner's opinion, the VA denied Mr. Proceviat's claim.

In February 2019, Mr. Proceviat filed a notice of disagreement.  He questioned the VA examiner's qualifications and, therefore, requested copies of "the VA examiner[']s curriculum vitae [CV], [the] examination notes and the specific medical literature that was relied upon." S.A. 20.  He also requested an independent medical opinion.  S.A. 22.

For more than a year, the VA attempted to determine the specific appeals process that Mr. Proceviat selected, i.e., whether the appeal would proceed under the legacy system or the Veterans Appeals Improvement and

———————————

[1]    "S.A." refers to the supplemental appendix filed with the government's brief.

Modernization Act of 2017, Pub. L. No. 115-55, 131 Stat. 1105. Throughout that process, Mr. Proceviat repeated his request for documents and an independent medical opinion. It was not until March 11, 2020, however, that the VA regional office even requested the examiner's CV. And it did not, at that time, request any other documentation. That "request was misrouted and a follow-up request that was to be done two weeks after the March 11 request was not scheduled due to an administrative oversight." S.A. 9 (citing S.A. 15–17). Thus, Mr. Proceviat was not provided with the requested documents.

On July 27, 2020, Mr. Proceviat petitioned the Veterans Court for a writ of mandamus. S.A. 4–5. He requested an order compelling the VA to provide him with the examiner's CV, the examination notes, and "the specific medical literature that was relied upon." S.A. 4. He also requested the Veterans Court compel an independent medical opinion. *Id.* That is, Mr. Proceviat sought the relief he had requested (in nearly identical terms) about a year-and-a-half earlier.

Interpreting the petition as requesting only the examiner's CV, the Veterans Court ordered the VA to respond. S.A. 76. A week later, the VA re-requested the examiner's CV and then mailed it to Mr. Proceviat. S.A. 72–75. Because it had provided Mr. Proceviat that CV, the VA argued Mr. Proceviat's mandamus petition was moot. S.A. 9–12. The Veterans Court agreed and dismissed Mr. Proceviat's petition. S.A. 77.

Mr. Proceviat sought reconsideration, arguing that his initial request quite clearly was for more than just the examiner's CV. S.A. 77. The Veterans Court, then, ordered the VA to respond to Mr. Proceviat's request for examination notes and medical literature. A month later, the VA mailed Mr. Proceviat a letter noting no examination notes exist and providing Mr. Proceviat a weblink to a general repository of medical literature. S.A. 88. Based on that

letter, the VA again argued Mr. Proceviat's request for documents was moot.  It also argued that Mr. Proceviat could request an independent medical opinion through the ordinary appellate process.  Thus, in the VA's view, that portion of Mr. Proceviat's petition should have been denied.

The Veterans Court agreed on both grounds.  S.A. 1–3. It determined that "the Secretary [had] complied with [Mr. Proceviat's] requests for the examiner's CV, medical literature, and medical notes."  S.A. 2.  Thus, it dismissed Mr. Proceviat's request for an order to compel the production of documents as moot.  It also determined that Mr. Proceviat could raise his request for an independent medical opinion during his direct appeal.  Because Mr. Proceviat had an alternative means to obtain his desired relief, the Veterans Court denied this portion of Mr. Proceviat's petition.  Mr. Proceviat sought reconsideration, which the Veterans Court denied, and a panel decision, which a three-judge panel granted.  The panel adopted the single-judge order.  Mr. Proceviat appeals.

II

We begin with Mr. Proceviat's partial challenge to the Veterans Court's mootness holding.  Appellant's Informal Br. at 4–5.  We review de novo the Veterans Court's resolution of legal questions, including whether a petition for mandamus is moot.  38 U.S.C. § 7292(d)(1) (We "shall decide all relevant questions of law . . . ."); *see also Maggitt v. West*, 202 F.3d 1370, 1374 (Fed. Cir. 2000) ("The jurisdictional reach of the Veterans Court presents a question of law for our plenary review.").  For a petition to be moot based on the VA providing the requested relief, the claimant must have "receive[d] *all* [his] requested relief."  *Mote v. Wilkie*, 976 F.3d 1337, 1342 (Fed. Cir. 2020) (emphasis added).  When a decision "did not provide all of the relief . . . requested, . . . a case or controversy remains."  *Id.*

Mr. Proceviat requested the VA provide him with "the specific medical literature that was relied upon" to deny his

claim for service connection.  S.A. 20.  Yet the VA only provided him with a weblink to a general repository of medical literature.  S.A. 88.  On appeal, Mr. Proceviat argues that he was unable to access the requested medical literature at that link: "VA provided me with a website link to the medical lit[erature] . . . which I clicked . . . but did not see the specific medical lit[erature] that was relied upon."  Informal Br. at 4.  And on this record, we cannot even determine whether those articles are available at www.uptodate.com.[2]  In short, Mr. Proceviat has not been provided all his requested relief.

Accordingly, his request for the specific medical literature relied upon is not moot.  *Mote*, 976 F.3d at 1342.  To be clear, we do not address the merits of Mr. Proceviat's request.  That is, we offer no opinion on whether the VA is obligated, under the statutory and regulatory framework, to comply with Mr. Proceviat's request for the specific journal articles.  Nor do we foreclose the possibility that the VA will take further actions (e.g., mailing Mr. Proceviat physical copies of the medical literature) that will indeed moot Mr. Proceviat's request.  But as of now, based on the record before this court, the VA has not provided Mr. Proceviat all of his requested relief.  Accordingly, the Veterans Court erred in holding this portion of Mr. Proceviat's petition was moot.

## III

We next consider Mr. Proceviat's challenge to the Veterans Court's denial of mandamus for an independent medical opinion.  Appellant's Informal Br. at 6–9.  We have

---

[2]    This failure is indicative of a broader failure to provide the court with a complete record.  Many important documents, like the medical examiner's report and the Veterans Court's interlocutory orders, were not included in the VA's supplemental appendix.

"jurisdiction to review the [Veterans Court]'s decision whether to grant a mandamus petition that raises a non-frivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). When a mandamus claim is based on unreasonable delay, the Veterans Court must apply the six-factor test adopted in *Martin v. O'Rourke*, 891 F.3d 1338, 1344–45 (Fed. Cir. 2018). Failure to consider those factors, often called the *TRAC* factors, is legal error. *See, e.g.*, *Mote*, 976 F.3d at 1345.

Mr. Proceviat requested a writ of mandamus because he had "not received . . . any mention of an [independent medical opinion]." S.A. 5. We see two possible interpretations of that request, which are not mutually exclusive. First, Mr. Proceviat may have been requesting a writ compelling the VA *to provide him* an independent medical opinion. Second, Mr. Proceviat may have been requesting a writ compelling the VA *to issue a decision* on his request for an independent medical opinion. We are required, given Mr. Proceviat's *pro se* status, to interpret his filings liberally. *Comer v. Peake*, 552 F.3d 1362, 1368 (Fed. Cir. 2009); *cf. Erickson v. Pardus*, 551 U.S. 89, 94 (2007). So we treat Mr. Proceviat's request as seeking both forms of relief.

We see no legal error under the first interpretation of Mr. Proceviat's request. As the Veterans Court held, Mr. Proceviat is free to seek an independent medical opinion in his direct appeal. And mandamus is available only when a petitioner lacks adequate alternative means to obtain the desired relief. *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004).

But the Veterans Court failed to apply the correct legal framework under the second interpretation. At no point did that court consider or apply the *TRAC* factors to Mr. Proceviat's request. Instead, it denied mandamus because Mr. Proceviat "has an alternative means to obtain his desired relief." S.A. 3. But that reflects a fundamental

misunderstanding of unreasonable delay claims.  A veteran who is claiming the VA has failed to render a timely decision cannot seek relief through direct appeal.  He must petition for a writ of mandamus before the Veterans Court to obtain that relief.  And Mr. Proceviat did just that, as we interpret his request.  Therefore, to resolve Mr. Proceviat's unreasonable delay claim, the Veterans Court was obligated to apply the *TRAC* factors.  *See Mote*, 976 F.3d at 1345.  And we remand for it to fulfill that obligation.[3]  Again hereto the VA could moot this portion of the petition by issuing a decision on Mr. Proceviat's request for an independent medical opinion—a decision that he is still waiting for more than two-and-one-half years after he requested it.

## IV

Because the VA committed legal errors in both its holdings, the Veterans Court's opinion is

**VACATED AND REMANDED**

COSTS

Costs to Mr. Proceviat.

---

[3]    It is worth noting that at many points throughout this process the adjudicator (VA and Veterans Court) fumbled Mr. Proceviat's requests.  The Secretary in fact acknowledged the VA's poor handling of the matter. S.A. 7–9.  It is our hope that, recognizing the repeated delays and fumbles, the VA will act promptly to resolve this case.