NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHILLIP D. SILVA,**
*Claimant-Appellant*

**v.**

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2021-1976

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5119, Chief Judge Margaret C. Bartley.

---

Decided:  December 15, 2022

---

KENNETH M. CARPENTER, Law Offices of Carpenter Chartered, Topeka, KS, argued for claimant-appellant.

ANDREW JAMES HUNTER, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by BRIAN M. BOYNTON, ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY; BRIAN D. GRIFFIN,

ANDREW J. STEINBERG, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

_____

Before REYNA, SCHALL, and CHEN, *Circuit Judges*.

SCHALL, *Circuit Judge*.

Phillip D. Silva appeals the February 23, 2021 decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). *Silva v. McDonough*, No. 19-5119, 2021 WL 684880 (Vet. App. Feb. 23, 2021). To the extent relevant here, in that decision the Veterans Court affirmed the April 4, 2019 decision of the Board of Veterans' Appeals ("Board") that denied Mr. Silva an evaluation in excess of 10 percent prior to April 4, 2014, for bipolar disorder. Also to the extent relevant here, the court denied Mr. Silva's request that it remand to the Board for adjudication what Mr. Silva argued was a still-pending appeal of a claim of service connection for post-traumatic stress disorder ("PTSD"). For the reasons set forth below, we *affirm*.

BACKGROUND

I

Mr. Silva served on active duty in the U.S. Army from March of 1976 to March of 1979 and also from August of 1979 to February of 1981. *Silva*, 2021 WL 684880, at \*1. He currently receives Department of Veterans Affairs ("VA") disability compensation for a service-connected left ankle condition resulting from a sprain he sustained while he was in the service. *Id.*; *see* J.A. 20.

In September of 2005, Mr. Silva filed a claim for compensation with the VA's Denver Regional Office ("RO"). The claim was for a service-connected psychiatric disability, which Mr. Silva asserted was PTSD. *Silva*, 2021 WL 684880, at \*1; J.A. 20. On November 11, 2006, the RO denied the claim on the ground that service connection had not been established. J.A. 22. The RO's decision became

final after Mr. Silva failed to appeal it. *Silva*, 2021 WL 684880, at \*1; *see* 38 U.S.C. § 7105(c) (2000).

On July 19, 2010, Mr. Silva filed a claim for PTSD, which the RO construed as a request to reopen his previously-denied 2005 claim. *Silva*, 2021 WL 684880, at \*1; J.A. 24–27, 29. In a rating decision dated January 31, 2011, the RO denied the request, concluding that Mr. Silva had failed to present new and material evidence in support of the claim. J.A. 29–30; *see* 38 C.F.R. § 3.156(a) (2006).[1]

For legacy claims, if service connection is denied by the RO, the veteran has one year to appeal to the Board by filing a notice of disagreement ("NOD") with the RO. 38 U.S.C. § 7105(a), (b)(1), (d)(1). After a veteran files a NOD, if the RO does not grant the benefit sought, the RO must prepare a statement of the case ("SOC"). *Id.* § 7105(d)(1). The SOC "includes a summary of pertinent evidence in the case, a citation to pertinent laws and regulations, a discussion of how those laws and regulations affect the decision, and a summary of the reasons for the decision." *Disabled Am. Veterans v. Sec'y of Veterans Affs.*, 327 F.3d 1339, 1342 (Fed. Cir. 2003) (citing 38 U.S.C. § 7105(d)(1); 38 C.F.R. § 19.29 (2002); and *Maggitt v. West*, 202 F.3d 1370, 1375 (Fed. Cir. 2000)).

Mr. Silva responded to the January 31, 2011 rating decision by filing an NOD with the RO on January 20, 2012. J.A. 33–34. In his NOD, Mr. Silva argued that the RO had

---

[1]    The Veterans Appeals Improvement and Modernization Act of 2017, Pub. L. No. 115-55, 131 Stat. 1105 (Aug. 23, 2017) ("AMA"), revised the VA's administrative appeals system. The parties agree that Mr. Silva's claim is governed by the prior "legacy" appeals system because Mr. Silva did not opt in to the AMA system. *See* 38 C.F.R. § 3.2400(c) (2019). Thus, we cite to the pertinent statutes and regulations in effect during the 2010–2017 time frame.

erred in denying his claim to reopen and that it should have obtained a medical opinion with respect to his claim of PTSD. J.A. 37. In an SOC dated June 25, 2012, the RO stated that the evidence Mr. Silva had presented with his July 19, 2010 request to reopen his PTSD claim did not quality as new and material evidence because it failed to address the question of whether his diagnosis of PTSD was the result of an in-service stressor. J.A. 55. "Accordingly," the RO stated, "the claim is not reopened and remains denied." *Id.*

A veteran may appeal an adverse RO decision to the Secretary of Veterans Affairs ("Secretary"). 38 U.S.C. § 7104(a) (2000) ("All questions in a matter which . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary."); 38 C.F.R. § 20.101(a) (2011). By statute, final decisions on such appeals are made by the Board. 38 U.S.C. § 7104(a). A veteran has 60 days from the date the SOC is mailed to file his or her formal appeal. 38 U.S.C. § 7105(d)(3).

On August 15, 2012, Mr. Silva submitted his appeal from the RO's June 25, 2012 SOC. J.A. 56. As he had before the RO, he argued that the VA should have obtained a medical opinion with respect to his claim of PTSD. J.A. 61.

On October 15, 2012, Mr. Silva received a VA medical examination. J.A. 219. In her November 19, 2012 report, the examiner found that Mr. Silva's mental condition was properly characterized as a mood disorder rather than PTSD. J.A. 220, 232–35. The examiner noted and rejected two possible PTSD stressors—the ankle sprain in service and an incident after service in which Mr. Silva was injured and that resulted in the death of a co-worker. J.A. 226–27, 230, 235. The examiner found that the ankle sprain did not meet PTSD stressor criteria set forth in the DSM-IV (Diagnostic and Statistical Manual of Mental Disorders, 4th edition). J.A. 226, 235. However, the examiner did find service connection for the mental condition

characterized as a mood disorder, finding it linked to Mr. Silva's frustration with long-term symptoms from his ankle injury.  J.A. 220–21, 234.

Pursuant to 38 C.F.R. § 3.156(a), a veteran may reopen a finally adjudicated claim by submitting "new and material evidence."  Under the regulation, "[n]ew evidence means existing evidence not previously submitted to agency decisionmakers.  Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim."

On December 6, 2012, the RO reopened Mr. Silva's September 2005 claim, based upon the October 15, 2012 VA medical examination, which the VA termed new and material evidence.  J.A. 63–64.[2]  Although the RO found, based upon that examination, that Mr. Silva's condition was a mood disorder, rather than the PTSD that he claimed, it stated that "[i]n [*Clemons v. Shinseki*, 23 Vet. App. 1 (2009)], the Court held that a claim for service connection for a mental condition, in this case, PTSD, cannot be limited to that diagnosis and that such claim should be considered a claim for any mental condition since the veteran is a lay person and not medically competent to diagnose himself."  J.A. 64.  Based upon the VA medical examination, the RO assigned an effective date of July 19, 2010, the date of receipt of the request to reopen his claim,[3] and a

---

[2]    Section 7105(e) of 38 U.S.C. was amended August 6, 2012, to provide that if a claimant submits evidence to either the agency of original jurisdiction or the Board, unless the claimant requests review by the agency, the evidence will be subject to initial review by the Board.  However, this amendment did not go into effect until 180 days after Aug. 6, 2012, on February 2, 2013.  *See* 38 U.S.C. § 7105 (2012).

[3]    *See* 38 C.F.R. § 3.400, 400(r) (2012).

disability of 10 percent for mood disorder. J.A. 65. The RO concluded, "[t]his represents a total grant of the issue (mental health condition claimed as PTSD) on appeal." *Id.* The RO's decision was transmitted to Mr. Silva with a cover letter containing a notice of appeal rights. J.A. 236–41. Mr. Silva's representative also was provided with a copy of the cover letter and the decision. J.A. 241. As he was informed in the cover letter, Mr. Silva had one year from the date of the letter to appeal. He chose not to exercise that right, however, and the December 6, 2012 decision became final pursuant to 38 U.S.C. § 7105(c).

On April 4, 2014, Mr. Silva submitted to the RO, under 38 C.F.R. § 3.156(b), what he claimed was new and material evidence. J.A. 69, 71. Section 3.156(b) provides as follows:

> New and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed (including evidence received prior to an appellate decision and referred to the agency of original jurisdiction by the Board of Veterans Appeals without consideration in that decision in accordance with the provisions of § 20.1304(b)(1) of this chapter), will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period.

Mr. Silva asserted that he was submitting "additional evidence during the pendency of an appeal pursuant to 38 C.F.R. § 3.156(b)." J.A. 69. And, he elaborated that he was submitting "new and material evidence pertinent to the adjudication of his still *pending claim* raised with the August 15, 2012, Substantive Appeal for service connection for [his PTSD] disability." J.A. 71. In other words, Mr. Silva argued that the December 6, 2012 RO decision had not in fact resolved his PTSD claim and that the appeal he had initiated with his August 15, 2012 filing remained pending.

Eventually, on December 8, 2014, based upon the December 6, 2012 rating decision and the newly submitted evidence, the RO awarded a 50 percent disability rating for bipolar disorder, which previously had been rated as mood disorder. J.A. 78. The RO assigned April 4, 2014 as the effective date. J.A. 77. As noted, that was the date when Mr. Silva submitted what he claimed was "new and material evidence" pertinent to the adjudication of his claim. J.A. 71.

On August 18, 2015, Mr. Silva filed a NOD in response to the December 8, 2014 RO decision. J.A. 83. In it, he sought an effective date of July 19, 2010 for the 50 percent disability rating the RO had awarded the previous December. J.A. 86.[4] Thus, Mr. Silva continued to take the position that, for purposes of 38 C.F.R. § 3.156(b), his August 15, 2012 appeal remained open. He stated:

> On July 19, 2010, Mr. Silva sought to reopen his claim for a psychiatric disability characterized as [PTSD]. On January 31, 2011, the VA denied reopening. On January 16, 2012, Mr. Silva initiated an appeal of the VA's denial of reopening which he completed on August 15, 2012. This appeal remains pending and unresolved.

JA 89. In a May 10, 2017 SOC, the RO denied an effective date earlier than April 4, 2014, for Mr. Silva's 50 percent disability rating for bipolar disorder. J.A. 147–49.

## II

On June 22, 2017, Mr. Silva appealed to the Board. J.A. 152. Relevant here, he contended that the RO's

---

[4]   Mr. Silva also argued that he was entitled to a rating higher than 50 percent, including an extraschedular total disability rating, effective July 19, 2010. J.A. 91–92. Those issues are not before us.

December 6, 2012 decision did not in fact resolve what he asserted was his still pending August 15, 2012 claim and that he thus was entitled to an effective date of July 19, 2010 for an increased rating of 50 percent (or higher) for bipolar disorder, rather than the April 4, 2014 effective date assigned by the RO. J.A 155–57. In its April 4, 2019 decision, the Board rejected Mr. Silva's claim of an effective date earlier than April 4, 2014, for the increased rating for bipolar disorder. J.A. 193, 198. Like the RO, the Board found that the December 6, 2012 decision reopening Mr. Silva's September 2005 claim and awarding service connection completely resolved Mr. Silva's appeal of the January 31, 2011 and the June 25, 2012 decisions that had denied reopening. *See* J.A. 195. The Board determined that in its December 6, 2012 decision the RO had correctly relied on *Clemons v. Shinseki* for the proposition that the scope of a claim (in this case a claim for PTSD) includes any disability (in this case, mood disorder), that may reasonably be encompassed by the veteran's description of the claim and by any reported symptoms and other information of record. *Id.* Mr. Silva appealed the Board's decision to the Veterans Court.

As noted, in its February 23, 2021 decision the Veterans Court affirmed the decision of the Board denying an effective date earlier than April 4, 2014 for Mr. Silva's increased rating for bipolar disorder. Relevant to the appeal now before us, Mr. Silva argued before the Veterans Court that his July 19, 2010 request to reopen remained pending because he perfected his appeal in August of 2012, prior to the RO's December 2012 award of service connection for a mood disorder. *Silva*, 2021 WL 684880, at *3. According to Mr. Silva, the VA incorrectly concluded that its December 6, 2012 grant of a 10 percent disability rating for mood disorder, effective July 19, 2010, "represented a total grant on the issue of mental health condition claimed as PTSD on appeal." J.A. 253. Noting that his August 2012 appeal was not certified to the Board, Mr. Silva took the position

that the Board never adjudicated his appeal of the RO's denial of his request to reopen his claim of service connection for PTSD. *Id.* He urged the Veterans Court to remand and to direct the Board "to adjudicate [his] pending appeal of the VA's denial of service connection for PTSD." J.A. 256; see also J.A. 265.

The Veterans Court rejected Mr. Silva's argument. In the court's view, under *Clemons*, upon which the RO relied in its December 6, 2012 decision, although Mr. Silva's July 19, 2010 claim named only PTSD, "it was in actuality a claim for service connection for any mental disorder identified by the veteran or the evidence of record." *Silva*, 2021 WL 684880, at *4. "Thus," the court stated, "when the RO in December 2012 reopened the previously denied claim and awarded service connection for a mood disorder, it fully granted the benefit sought—service connection for a mental health disorder—and did not leave a separate PTSD claim pending." *Id.* Citing *Hamilton v. Brown*, 4 Vet App. 528, 537 (1993), the court pointed out that "[b]ecause the December 2012 rating decision granted the benefit that Mr. Silva sought, his appeal was resolved and he needed to file a separate NOD as to the scope of the claim if he wished to challenge the RO's characterization of it." *Silva*, 2021 WL 684880, at *4. As a result of its ruling, the Veterans Court affirmed the decision of the Board, and denied Mr. Silva's request that the court remand to the Board and order the Board to adjudicate, what Mr. Silva said was his still pending appeal of August 15, 2012.[5] *Id.* at *7. Mr. Silva's timely appeal to this court followed.

---

[5] The Veterans Court did set aside and remand to the Board for readjudication certain other matters decided in the Board's April 4, 2019 decision. *Silva*, 2021 WL 684880, at *7. Those matters are not before us.

DISCUSSION

I

Mr. Silva makes just one argument on appeal. He contends that, in its decision affirming the decision of the Board, the Veterans Court misinterpreted 38 U.S.C. § 7104(a). Appellant's Br. 7–12. As noted above, that provision states, in relevant part, that "[a]ll questions in a matter which . . . is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary." According to Mr. Silva:

> [T]he VA's . . . unilateral action in its December 6, 2012 rating decision to terminate Mr. Silva's appeal of the denial of his PTSD claim without further review by the Board was erroneous as a matter of law. Without first securing a decision by the Board on this issue on appeal, the VA violated the statutory requirement under § 7104(a) that the Board provide Mr. Silva with "one review on appeal." . . . The Board's failure to provide Mr. Silva review of the appeal he completed with VA's January 31, 2011 rating decision, which denied him service connection for PTSD, was an obvious violation of the statutory requirement under § 7104(a).

Appellant's Br. 10 (citation omitted).

In asserting that he was denied the right to "one review on appeal" under 38 U.S.C. § 7104(a), Mr. Silva argues, as he did before both the Board and the Veterans Court, that because the December 6, 2012 rating decision did not grant him service connection for PTSD, it could not represent a total grant of the issue he had appealed—his claim of PTSD. Mr. Silva claims that, by misinterpreting § 7104(a), the Veterans Court permitted the Board to evade its statutory obligation to provide him with "one review on appeal" of the RO's January 31, 2011 decision denying his July 19, 2010 request to reopen. Appellant's Br. 11–12. Mr. Silva

points to 38 U.S.C. § 7105(a), which states that "[a]ppellate review will be initiated by a notice of disagreement and completed by a substantive appeal." *Id.* Mr. Silva asks us to reverse the February 23, 2021 decision of the Veterans Court and to order the court to direct the Board to adjudicate the appeal he filed on August 15, 2012.

The government responds that we lack jurisdiction to consider whether the Board and the Veterans Court erred in determining that the RO's December 6, 2012 decision "represented a total grant of the issue then on appeal." Appellee's Br. 18. According to the government, this is a fact-based issue that is beyond the scope of our jurisdiction. *Id.* at 18–20.[6] As far as the merits are concerned, the government argues that we should affirm the decision of the Veterans Court. According to the government, the court's decision is supported by both statute and regulation.

II

Our jurisdiction to review decisions of the Veterans Court is governed by 38 U.S.C. § 7292. Under that statute, we must affirm the decision of the Veterans Court unless it is "(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of

---

[6] The government also argues that Mr. Silva waived his arguments based upon 38 U.S.C. §§ 7104(a) and 7105 by failing to present them to the Veterans Court. Appellee's Br. 15–17. The government is correct that, in his brief before the Veterans Court, Mr. Silva failed to cite either § 7104(a) or § 7105. *See* J.A. 242–65. That said, having reviewed Mr. Silva's arguments below, we believe that, although he failed to cite either of the statutory provisions at issue, his contentions can fairly be read as speaking to his right to an appeal, a matter which is the subject of both § 7104(a) and § 7105. We therefore find no waiver.

statutory jurisdiction, authority, or limitations, or in violation of a statutory right; or (D) without observance of procedure required by law." 38 U.S.C. § 7292(d)(1). Our review is limited to challenges to the "validity of any statute or regulation or any interpretation thereof . . . , and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." *Id.* § 7292(c). We may only review "a challenge to a factual determination" or "a challenge to a law or regulation as applied to the facts of a particular case" if the appeal presents a constitutional issue. *Id.* § 7292(d)(2).

We conclude that we have jurisdiction in this case. As seen, Mr. Silva contends that, under § 7104(a), the VA was required to act through the Board rather than the RO, in response to the new and material evidence represented by the October 15, 2012 examination. Were we to accept Mr. Silva's argument as to what the VA was required to do to satisfy § 7104(a)'s grant of "one review on appeal"—and it is that argument that necessarily underlies his challenge to the decision of the Veterans Court—we would be required to reverse and remand, as he urges. We therefore view Mr. Silva as properly raising a matter of statutory interpretation. *See Gudinas v. McDonough*, No. 2021-2171, ___ F.4th ___, 2022 WL 17365993, at *2 (Fed. Cir. Dec. 2, 2022) (finding jurisdiction when a veteran's interpretation of a regulation would have entitled him to relief).[7] We turn now to the merits.

## III

Mr. Silva is correct that, pursuant to 38 U.S.C. § 7104(a), he was entitled "to one review on appeal to the

---

[7] At oral argument, government counsel agreed that Mr. Silva's argument presents a legal issue. Oral arg. at 25:50–26:20, https://oralarguments.cafc.uscourts.gov/default.aspx?fl=21-1976_11042022.mp3 (Nov. 4, 2022).

Secretary" with respect to his effort to reopen his September 2005 claim of PTSD. He is incorrect, however, when he asserts that he was deprived of that appeal. In fact, he simply chose not to pursue the appeal.

As noted above, in an SOC dated June 25, 2012, the RO stated that the evidence Mr. Silva had presented with his July 19, 2010 request to reopen his 2005 PTSD claim did not qualify as new and material evidence because it failed to address the question of whether the diagnoses of PTSD that he presented was the result of an in-service stressor. J.A. 55. The issuance of the SOC started the clock running on the appeal period. Mr. Silva had sixty days to file a formal appeal to the Board. 38 U.S.C. § 7105(d)(3); 38 C.F.R. § 20.202 (2011). He timely filed his appeal on August 15, 2012. J.A. 56. In that appeal, as he had in January of 2012, J.A. 37, he stated that the VA should have obtained a medical examination with respect to his claim of PTSD. J.A. 61. The requested examination took place on October 15, 2012, with the VA examiner concluding that Mr. Silva suffered from a mood disorder, rather than PTSD as he claimed. J.A. 220, 232–35. The RO accepted the examination as new and material evidence and on December 6, 2012 assigned an effective date of July 19, 2010, for a 10 percent rating for mood disorder. J.A. 65. As seen, the RO concluded, "[t]his represents a total grant of the issue (mental health condition claimed as PTSD) on appeal." *Id.*

We see no error in the actions of the VA in this matter. First, pursuant to 38 C.F.R. § 3.156(b), "[n]ew and material evidence received prior to the expiration of the appeal period, or prior to the appellate decision if a timely appeal has been filed . . . will be considered as having been filed in connection with the claim which was pending at the beginning of the appeal period." The VA medical examination was received both prior to the expiration of the appeal period, and prior to the issuance of an appellate decision in Mr. Silva's timely-filed appeal. Moreover, as of December 6, 2012, Mr. Silva's appeal had not been certified to the

Board, and the record had not been transmitted to the Board.  J.A. 253; *see* Appellee's Br. 14; Appellant's Br. 3. Pursuant to 38 C.F.R. § 19.37(a) (2012), "[e]vidence received by the agency of original jurisdiction prior to transfer of the records to the Board of Veterans' Appeals after an appeal has been initiated . . . will be referred to the appropriate rating . . . activity for review and disposition."  In short, upon receiving the report of the October 15, 2012 examination, in accordance with the applicable regulation, the RO considered it as new and material evidence and issued an appropriate rating decision.

Second, Mr. Silva complains about the statement in the December 6, 2012 decision that "[t]his represents a total grant of the issue (mental health condition claimed as PTSD) on appeal." J.A. 65.  He states that there is no basis in any law or regulation that authorizes the Secretary to make a determination that a decision made by the Secretary "represents a total grant of the issue . . . on appeal." He asserts that "once an appeal . . . has been completed by a veteran, *only* the Board has the authority to dispose of that appeal."  Appellant's Br. 10.

We disagree.  The RO's statement in no way "disposed" of Mr. Silva's appeal or somehow deprived him of an appeal to the Board.  While perhaps the RO could have chosen different wording, we understand it simply to be saying that its decision constituted a complete resolution of Mr. Silva's claim.  Furthermore, that the RO did not intend to "dispose" of Mr. Silva's appeal, or deprive him of his appeal, is borne out by the fact that in the cover letter enclosing the December 6, 2012 decision the RO informed Mr. Silva of his right to appeal to the Board.  J.A. 239.

And that brings us to the third and final point.  Pursuant to 38 U.S.C. § 7105(c), Mr. Silva had one year from the date of the December 6, 2012 RO decision to appeal to the Board by filing an NOD.  And, in that appeal, Mr. Silva could have presented to the Board any and all complaints

and concerns that he had with the RO's decision. At oral argument, counsel for Mr. Silva acknowledged that Mr. Silva had this appeal right but chose not to exercise it. Oral arg. at 5:36–6:18 (When asked if Mr. Silva could have filed a NOD (to appeal to the Board) after receiving the December 6, 2012 RO decision, counsel for Mr. Silva responded "[w]e could have, your honor. There was . . . nothing that prevented us from doing that. And in 20/20 hindsight, . . . that may have been the better thing to do."). In a word, the VA did not deprive Mr. Silva of an appeal. He simply did not exercise the right to appeal. As a result, the December 6, 2012 RO decision became final. Accordingly, the Veterans Court did not err in affirming the decision of the Board and in rejecting Mr. Silva's request for a remand to the Board.

## CONCLUSION

For the foregoing reasons, the February 23, 2021 decision of the Veterans Court is affirmed.

## **AFFIRMED**

Costs

No costs.